**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 18-2464

———————

UNITED STATES OF AMERICA

v.

BRANDON MCINTYRE,
                                                          Appellant

———————————————————

Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 2:16-cr-00013-001)
District Judge: Honorable Kevin McNulty

———————————————————

Submitted under Third Circuit L.A.R. 34.1(a)
on June 27, 2025

Before: MONTGOMERY-REEVES, ROTH and AMBRO, Circuit Judges

(Opinion filed: July 28, 2026)

———————

OPINION[*]

———————

ROTH, Circuit Judge

———————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

A jury convicted Brandon McIntyre of multiple federal offenses after he coerced and threatened minors into producing child pornography and engaging in criminal sexual conduct. The District Court sentenced him to 240 months' imprisonment with lifetime supervised release, with a condition prohibiting McIntyre from accessing the internet without prior approval. McIntyre appeals his sentence, arguing that it is unreasonable and that the District Court improperly calculated the applicable criminal history score.

For the following reasons, we affirm McIntyre's imprisonment sentence and the lifetime term of supervised release. However, in similar cases, we have hesitated to uphold a blanket internet restriction as a condition to lifetime supervised release. We will not do so here—instead, we vacate that condition and remand for the limited purpose of allowing the District Court to impose a more appropriately tailored internet restriction.[1]

## I.[2]

When he was 21 years old, McIntyre initiated sexually explicit conversations with multiple minor girls on Facebook, using both an alias and his personal account. He sent sexually explicit images to the girls, demanded that they do the same, and threatened them when they refused. Even after he was briefly incarcerated for stalking an adult woman and

---

[1] We note that we have yet to receive McIntyre's Reply Brief. However, our decision is not dependent on receipt of the brief, particularly because any new issues McIntyre may have raised in his Reply would be forfeited. *See Kost v. Kozakiewicz*, 1 F.3d 176, 182 n.3 (3d Cir. 1993) (citing *Lunderstadt v. Colafella*, 885 F.2d 66, 78 (3d Cir. 1989)) ("[W]here an issue is raised for the first time in a reply brief, we deem it insufficiently preserved for review before this court.").

[2] Because we write for the parties, we recite only those facts necessary to our disposition.

impersonating a law enforcement officer in violation of New Jersey law, McIntyre continued to coerce and threaten minor girls through Facebook.

Following a police investigation and McIntyre's audiotaped confession, McIntyre was indicted and convicted of two counts of production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e); one count of online enticement of a minor to engage in criminal sexual conduct, in violation of 18 U.S.C. § 2422(b); two counts of making an interstate extortionate threat, in violation of 18 U.S.C. § 875(c); and one count of stalking, in violation of 18 U.S.C. § 2261A(2)(B).

At sentencing, the District Court adopted the Presentencing Report (PSR), which recommended life imprisonment under the United States Sentencing Guidelines based on McIntyre's offense level (43) and his criminal history categorization (Category II). The PSR also recommended a special condition of supervised release, in which McIntyre would refrain from accessing or using the internet or any online bulletins or computer-based methods of exchanging communications. The District Court imposed a sentence of 240 months' imprisonment with lifetime supervised release and the PSR's recommended special condition. Despite the downward variance, McIntyre appealed his sentence pro se, arguing that resentencing is necessary because (1) the District Court plainly erred when it deferred to the PSR's determination of McIntyre's criminal history score; (2) the supervised release term is both procedurally and substantively unreasonable; and (3) the District Court plainly erred by imposing the restriction to his internet access. We address each in turn.

3

**II.**[3]

McIntyre claims that the District Court incorrectly assigned him a Category II criminal history score, asserting that his prior New Jersey conviction—which resulted only in a probationary sentence—fell within § 4A1.1(c) and therefore, the 187 days he spent in pre-trial detention should not have counted toward his scores.[4]  But even adjusting his criminal history to Category I yields the same Guidelines range, as his offense level score remains at 43—which McIntyre does not contest.[5]  And still, the District Court sentenced McIntrye to an imprisonment term well below the life sentence he faced.[6]  We therefore cannot see how the District Court's criminal history calculation reflects an error.

**III.**

*Next*, McIntyre challenges his lifetime supervised release term as procedurally and substantively unreasonable.[7]  Procedurally, McIntyre contends that the District Court failed to sufficiently justify its imposition of a lifetime term of supervised release.  We

---

[3] The District Court had jurisdiction under 18 U.S.C. § 3231.  We have appellate jurisdiction under 18 U.S.C. § 3742.

[4] U.S.S.G. § 4A1.1.  We review unpreserved sentencing challenges for plain error. *United States v. Valentin*, 579 118 F.4th 579, 588 n.15 (3d Cir. 2024). The parties dispute whether McIntyre properly preserved this sentencing challenge for appeal, but resolution of this issue would have no bearing on our conclusion that McIntyre failed to demonstrate that the District Court's criminal history score calculation was incorrect.

[5] *See* U.S.S.G. ch. 5, pt. A (Sentencing Table).

[6] Gov. Br. at 14; A1:539.

[7] "We review the procedural and substantive reasonableness of a sentence for abuse of discretion," but we review "[u]npreserved challenges to the reasonableness of the sentence . . . only for plain error." *Valentin*, 579 118 F.4th at 590 n.19.  The parties again dispute whether McIntyre properly preserved this issue on appeal, and again, our outcome remains unchanged under any applicable standard of review.

disagree. When deciding the term of a defendant's supervised release, sentencing courts must provide an explanation sufficient for our Court "to see that the particular circumstances of the case have been given meaningful consideration" consistent with the factors of 18 U.S.C. § 3553(a).[8] However, the court need not conduct a separate § 3553(a) analysis to determine the appropriate length of imprisonment versus supervised release.[9]

Here, the transcript from McIntyre's sentencing confirms the District Court did not hide the ball in imposing a lifetime term of supervised release. Rather, it thoroughly discussed the § 3553(a) factors when sentencing McIntyre to 240 months' imprisonment—an outcome that fell below the life sentence McIntyre may well have received.[10] McIntyre's disagreement with the District Court's reasoning does not render its explanation procedurally insufficient.

Substantively, McIntyre argues that a lifetime term of supervised relief was unreasonable given his offense. But when "the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[11]

---

[8] *United States v. Joline*, 662 F.3d 657, 660 (3d Cir. 2011) (internal citation and quotations omitted).

[9] *United States v. Clark*, 726 F.3d 496, 501 (3d Cir. 2013) ("[W]e have never required that a district court conduct two § 3553(a) analyses, one related to the term of imprisonment and a second related to the term of supervised release.").

[10] A1: 524–39 (considering McIntyre's criminal conduct, childhood, rehabilitation efforts, victims' trauma, refusal to acknowledge his guilt as well as the extended pre-trial detention period and the need for generic and specific deterrence).

[11] *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

5

On this basis alone, McIntyre's argument falls flat. Considering the egregious and recidivist nature of McIntyre's crimes and the fact that the lifetime term was within the range prescribed by 18 U.S.C. § 3583(k), we cannot say that *no* reasonable sentencing court would have similarly imposed a lifetime term of supervised release.

**IV.**

*Finally*, McIntyre argues that the District Court's imposition of the special condition to his lifetime supervised release—which effectively prohibits him from ever purchasing, owning, or using any device with internet access—is "overly [b]road, [v]ague, and too restrictive."[12] Though 18 U.S.C. § 3583(d) empowers district courts to impose special conditions of supervised release, the government agrees—as do we—that the current internet restriction "deprive[s] [McIntyre] of more liberty 'than is reasonably necessary.'"[13]

While we certainly acknowledge the disturbing nature of McIntyre's crimes and recognize that those crimes occurred via the internet, we must also ensure that internet bans are both supported by findings in the record and properly tailored to McIntyre's specific conduct.[14] Indeed, "we have long recognized the draconian nature of internet bans, even in cases where we have upheld them."[15] And given the internet's prominent

---

[12] Br. at 31, 73. We review objections to special conditions of supervised release that were not raised at the sentencing hearing for plain error. *United States v. Maurer*, 639 F.3d 72, 82 (3d Cir. 2011).

[13] Gov. Br. at 26. *United States v. Holena*, 906 F.3d 288, 291 (3d Cir. 2018) (quoting 18 U.S.C. § 3583(d)(2)).

[14] *Id.*

[15] *United States v. Heckman*, 592 F.3d 400, 408 (3d Cir. 2010) (cleaned up).

role in our society, we do not see how prohibiting McIntyre's access to *all* internet-based sites and application upon release from prison, such as "Google Maps or Amazon" or even "this Court's website," prevents McIntyre from initiating contact with minors.[16] The District Court therefore committed plain error when it imposed a blanket internet restriction as a condition to McIntyre's lifetime supervised release term.

Still, McIntyre's request that we vacate his entire sentence goes a step too far beyond the relief that is appropriate in this case: vacating only the internet condition. We will therefore do so and order limited remand, upon which the District Court must tailor any new internet restriction to McIntyre's conduct and ensure the restriction furthers the purpose of "deterring crime, protecting the public, or rehabilitating [McIntyre]."[17]

## V.

For the foregoing reasons, we affirm the sentence imposed by the District Court, but vacate the special condition to the lifetime term of supervised release, and remand for proceedings consistent with this opinion.

---

[16] *Holena*, 906 F.3d at 293.
[17] *Id.* at 295.